ARTHUR C. ANDERSON *vs.* MAXIMILIAN SCHULTZ and wife.

June 13, 1887.

Evidence—Certificate of Sale on Mortgage Foreclosure.—Where title is to be made under a mortgage, and a foreclosure pursuant to the powers in it, Laws 1883, c. 112, does not make the certificate of sale proof of the mortgage and power.

Action of unlawful detainer in the municipal court of St. Paul. Appeal from the judgment directing the issuance of a writ of restitution. The complaint merely alleged that plaintiff is the owner and entitled to the possession of the premises described, and that the defendants are illegally and unlawfully in possession, and illegally, unlawfully, and forcibly detain the same. The answer alleged the defendant Maximilian Schultz to be the owner and lawfully in possession of the premises. On the trial the only evidence offered by plaintiff was (1) deeds of the premises to the defendant Maximilian

Schultz, made in 1880; (2) notices of mortgage foreclosure sales, with affidavits of publication and service thereof; and (3) certificates of sale under such notices; these notices and certificates purporting to be made under certain mortgages executed by the defendants. A year had expired from the date of the last sale before the commencement of the action.

*Kueffner & Fauntleroy*, for appellants.

*William G. White*, for respondent.

GILFILLAN, C. J.[1] The complaint in this case is more nearly a complaint in ejectment than upon any other cause of action, but, as such a complaint, the municipal court had no jurisdiction to try it. If, by very liberal interpretation, it may be regarded as a complaint under chapter 84, Gen. St. 1878, it can only be under section 2 of that chapter, and that by reason of the allegation that the premises are unlawfully and forcibly detained. There is no suggestion in it of any sale on execution, judgment, or foreclosure by advertisement, or of any of the other cases specified in section 11. As a proceeding under section 2, the evidence wholly failed, for there was nothing in it tending to show a *forcible* detention. Evidence of the foreclosure proceedings was inadmissible to make a case under section 11, because the complaint did not allege such foreclosure; and had the complaint been such as to admit proof of a holding over after foreclosure by advertisement and expiration of the time for redemption, the evidence that was offered, the notice of sale, affidavits of publication and of sale, and certificate of sale, were inadmissible without proof of a mortgage authorizing the sale, and no proof of such was given or proposed to be given.

The objection to the introduction of the certificate of sale ought to have been sustained, both because not justified by the complaint, and because no foundation, by introducing the mortgage, was laid. Laws 1883, *c.* 112, does not dispense with proof of the mortgage where title is to be made under a mortgage, and foreclosure pursuant to the power in it, nor make the certificate a substitute for such proof. The certificate is of no effect until it appears that the sale was made

---

[1] Berry, J., took no part in the decision of this case.

under a power to sell "contained in a mortgage." The recitals in it do not prove the power nor mortgage; the most that they can prove is compliance with the requirements of law in "that behalf," *i. e.,* in the sale proceedings.

Judgment reversed.